## No. 5973.

### ELIAS GEORGE VS. B. F. TAYLOR.

Where a defendant who is enjoined from collecting the fees of an office, bonds out of the injunction, the surety on the release bond will be bound for the whole amount of the judgment rendered in favor of the plaintiff on account of said fees, unless there be an agreement between the plaintiff and the surety lessening the surety's liability.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. Kemp, J.

H. H. Bryan and E. F. Russell for plaintiff and appellee.

McEnery, Ellis & Ellis for defendant and appellant.

The opinion of the court was delivered by

DEBLANC, J. On the 16th of March, 1870, Elias George was appointed as the Recorder of the parish of Tangipahoa. One Alpheus G. Tucker—the then incumbent—refused to yield and retained that office for ten months after plaintiff's appointment. It was only after the rendition of a judgment declaring Tucker an intruder, that George was inducted into said office.

Pending the intrusion suit, Tucker was enjoined from collecting the fees of the disputed office, and released that injunction on a bond subscribed by him, and by B. F. Taylor and others, as his sureties.

After he had filed his suit to recover the office of Recorder of mortgages, plaintiff—by a supplemental and amended petition—claimed,

from Tucker, sixteen hundred dollars, for fees alleged to have been collected by him during his intrusion, and for damages averred to have been caused by said intrusion. That demand was partly allowed: George obtained judgment against Tucker for one thousand and fifty dollars. Taylor—the defendant in this case—appealed from said judgment, which was affirmed by this court.

Is Taylor's liability as a surety on the release bond fixed by that decree and the fruitless attempt to execute it against Tucker? It would, undoubtedly, have been fixed by that decree, were it not that—during the pendency of the appeal taken by Taylor and of the present suit, the parties—through their attorneys—entered into an agreement, in and by which it was stipulated that—if the judgment appealed from by Taylor were decided against him, *"he would pay such amount of damages as said George may prove in this case."* These are the very words of that agreement.

Taylor's appeal was decided against him; this suit—which had been suspended during the pendency of the appeal—was proceeded in, and a judgment of one thousand dollars rendered against Taylor, as the surety of Tucker. From that judgment—as from the other—he has appealed, and prays its reversal on several grounds, most of which have been passed upon and finally decided on the trial of his first appeal.

For one reason, we are constrained to remand this cause: the judgment of the lower court, which could have been obtained and based on positive proof, on a detailed statement of the acts passed, of the work done by Tucker during his intrusion, or by a production of said acts and work, and by its appreciation under the fee bill, was based on exclusively the declarations of witnesses as to what the office had brought before and since the intrusion, on Tucker's extra judicial and unsworn admission that said office was worth one hundred dollars per month, on uncertain opinions and vague estimates, to the introduction of which defendant objected, on the ground that Tucker's admission could not bind him, and that said opinions and estimates did not constitute the best evidence of the official work done and of the amount of fees received by Tucker.

Though that best evidence was accessible to, within the reach and in possession of plaintiff, defendant's objection was overruled, and he excepted. His exception was well taken, and—*for this and no other reason*—he is entitled to a new trial of this controversy.

It is—therefore—ordered, adjudged and decreed that the judgment of the lower court be, and it is hereby annulled, avoided and reversed, and this case remanded to the lower court to be proceeded in according to law and the views herein expressed; the costs of the appeal to be paid by plaintiff.